OPINION
{¶ 1} Defendant-appellant, Jodi Jacks, has filed a notice of appeal from a judgment of the Franklin County Court of Common Pleas, granting a default judgment in favor of defendant-appellee, State Farm Mutual Automobile Insurance Company ("State Farm").
 {¶ 2} On July 8, 2003, Buckeye Ready Mix ("Buckeye") and Cincinnati Insurance Company ("Cincinnati Insurance") filed a complaint, naming as defendants Jerold McDaniels and appellant. In the complaint, Cincinnati Insurance alleged that it had a policy of insurance with Buckeye. It was further alleged that, on October 7, 2002, McDaniels and appellant negligently operated a motor vehicle, causing an accident that resulted in damages to the insured vehicle in the amount of $24,263.03.
 {¶ 3} By agreed entry and order filed September 3, 2003, State Farm was granted leave to intervene as a new-party defendant for the purpose of asserting a subrogation claim arising out of payments made to and/or on behalf of its insured, McDaniels. On May 18, 2004, counsel for Cincinnati Insurance filed a notice of voluntary dismissal pursuant to Civ.R. 41.
 {¶ 4} On June 22, 2004, State Farm filed a motion for default judgment against appellant. In its memorandum in support, State Farm asserted that it had served a copy of its cross-claim to appellant on November 6, 2003, but that appellant had failed to file an answer or otherwise make an appearance.
 {¶ 5} By judgment entry filed on June 29, 2004, the trial court granted default judgment against appellant and in favor of State Farm in the amount of $24,263.03, plus interest. On July 7, 2004, appellant filed with the trial court a "motion to dismiss," asserting that the trial court lacked jurisdiction over her because she had never been properly served. On July 30, 2003, appellant filed an appeal from the trial court's entry of June 29, 2004. At the time of the appeal, the trial court had not ruled on appellant's "motion to dismiss."
 {¶ 6} On appeal, appellant sets forth the following two assignments of error for review:
[I.] The lower court erred in denying Appellant's motion to dismiss.
[II.] The lower court erred in not viewing the evidence proving Jodie Jacks was not as fault for the accident.
 {¶ 7} As noted, following the trial court's entry granting default judgment in favor of State Farm, appellant filed with the trial court a "motion to dismiss" the default judgment, which "in essence, is a motion for relief from judgment pursuant to Civ.R. 60(B)." Colofab FederalCredit Union v. Berman (Aug. 7, 1990), Franklin App. No. 90AP-534. But, see, Karas v. Roar (Mar. 21, 2000), Jefferson App. No. 98 JE 4 (motion to dismiss default judgment was proper vehicle to raise issue of lack of personal jurisdiction, as party may rely on the "inherent power of the court to vacate a void judgment"). Regardless of whether the motion is properly deemed a motion to dismiss or a motion for relief from judgment, the issue raised by appellant in that motion, and similarly raised now on appeal, is whether the trial court lacked jurisdiction to enter default judgment against her where, it is contended, she was never properly served with the complaint.
 {¶ 8} In response, State Farm argues that a copy of its cross-claim was served, via certified mail, to appellant's address at 4480 Aragon Avenue, Columbus, and that an individual named Sally Jacks signed the return receipt. State Farm argues that the trial court properly granted default judgment in its favor based upon appellant's failure to respond to the cross-claim.
 {¶ 9} While State Farm focuses on the fact that an individual named Sally Jacks signed the return receipt, evincing that appellant was served with a copy of the cross-claim, the record is unclear whether appellant was ever served with a copy of the original complaint. Specifically, while the record indicates that the original summons was sent via certified mail service to the address listed above (4480 Aragon Avenue), there is nothing in the record before this court showing that any individual ever signed the return receipt for such service. Assuming that appellant was not served with the summons and complaint, and was never properly made a party to the action, State Farm could not assert a cross-claim against her as a non-party. See Civ.R. 13(G) ("A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein.") (Emphasis added.) See, also, Cincinnati Ins. Co. v. Bellini (Dec. 30, 1991), Clermont App. No. CA91-05-034 ("The clear language of Civ.R. 13[G] allows the assertion of a cross-claim only against one who is already a party to the action, specifically, a `co-party'"); 1 Baldwin's Ohio Practice, Klein 
Darling, Civil Practice (2 Ed. 2004), Section 13:33 ("A cross-claim is not properly asserted against * * * a nonparty").
 {¶ 10} Accordingly, based upon the record in this case, we conclude that this matter should be remanded to the trial court for an evidentiary hearing in order for the court to determine whether or not appellant was properly served with process, as "the trial court's jurisdiction to issue a default judgment is uncertain." Baumann v. Purchase Plus Buyer'sGroup, Inc. (Nov. 29, 2001), Franklin App. No. 01AP-297 (If a trial court "determines in an evidentiary hearing that service of process was not effected upon defendants, then the trial court was without proper jurisdiction to issue a default judgment and its judgment is a nullity").
 {¶ 11} Based upon the foregoing, appellant's first assignment of error is sustained, appellant's second assignment of error is rendered moot, the judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to that court for further proceedings in accordance with law and consistent with this opinion.
Judgment reversed; cause remanded.
LAZARUS and KLATT, JJ., concur.